UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | * |
| ANTHONY PATRICK FAHEY<br>ROSANNA FAHEY | *    Case No. 06-16420<br>* |
| Debtors | *    Chapter 7 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| KARL STEPHENS<br>P.O. Box 6811<br>Silver Spring, MD 20916 | *<br><br>* |
| Plaintiff, | * |
| vs. | *    Adv. No. |
| ANTHONY PATRICK FAHEY<br>17517 Charity Lane<br>Germantown, MD 20874 | *<br><br>* |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

COMPLAINT TO DETERMINE
THE NONDISCHARCHABILITY OF CERTAIN DEBTS

Plaintiff, KARL STEPHENS, by and through his attorneys, Craig L. Holcomb and Holcomb & Straile, LLC, brings this action against defendant ANTHONY PATRICK FAHEY and for cause of action states:

1. This Adversary Proceed is brought pursuant to 28 U.S.C. §157, 1334 and 11 U.S.C. §523(a)(2)(A) & (B) in connection with defendant's petition for relief under Chapter 7 of Title 11, Case No. 00-14350 pending before this Court.

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334, as referred under 28 U.S.C. §157, and it constitutes a core proceeding.

3. The Plaintiff, Karl Stephens (hereinafter "Stephens"), is an unsecured creditor of the Debtor, Anthony Patrick Fahey (hereinafter "A. Fahey") and holds an unsecured claim in the sum of $65,000.00.

4. Prior to filing bankruptcy, A. Fahey owned and operated a business Horse One, Inc. that operated the restaurant The Last Mango Restaurant.

5. On and around February 24, 2006, the business Horse One, Inc. and A. Fahey had incurred substantial business and/or personal debts, including but not limited to substantial arrearages in A. Fahey's home mortgage, arrearages in the restaurant lease, arrearages in the utility bills, and other personal venders and venders of the business. Furthermore, A. Fahey's business had been cited for liquor license violations of which hearings were pending.

6. Several weeks prior to February 24, 2006, A. Fahey had approached Stephens about a business loan to allegedly stop an eviction of A. Fahey from the restaurant. A. Fahey informed Stephens that he was in arrears in his lease payments but omitted the facts that he was seriously indebted to other venders or that he had pending liquor license violation hearings.

7. A. Fahey further averred that he had a pending Contract of Sale on the restaurant and that Stephens money plus interest would be returned at the settlement for the sale of the restaurant.

8. Because of A. Fahey's representations and omissions, on February 24, 2006 Stephens lent A. Fahey $55,000.00 to be used for business purposes only, and A. Fahey executed a Confessed Judgment Promissory Note ("Note").

9. Pursuant to the Note, A. Fahey was to pay Stephens $65,000.00 on or before March 31, 2006. A copy of the Confessed Judgment Promissory Note is herein attached.

10. Pursuant to information and belief, A. Fahey only used $31,000.00 of the loan

proceeds for business purposes and used the remainder to pay personal bills.

11. As a result of not using the money to pay other venders including his utility bills, in mid March the electricity to A. Fahey's restaurant was shut off. After the electricity was shut off A. Fahey failed to reopen the business.

12. As a result of failing to reopen the restaurant and for not disclosing the liquor license violations the Contract of Sale was terminated.

13. At the time A. Fahey borrowed the money from Stephens, he had represented or omitted the following: 1) A. Fahey represented by implication that he had the ability and intent to repay Stephens; 2) A. Fahey represented that the loan proceeds were to be used for business purposes; and 3) A. Fahey omitted to inform Stephens of the other substantial business and personal debts he had incurred.

14. A. Fahey entered into the business transaction with full knowledge that he was in fact unable to meet his existing both his business and personal obligations as they became due and further, he was unable to repay the Stephens. This is in part evidenced by the fact that he used the loan proceeds to pay personal debts obligations.

15. Stephens believes and therefore avers that A. Fahey knew or should have known that he would be unable to repay Stephens and/or he never intended to repay Stephens.

16. Stephens later, but prior to A. Fahey filing the bankruptcy petition, obtained a confessed judgment, including post judgment interest at the legal rate, against A. Fahey in the Circuit Court for Montgomery County, Maryland.

WHEREFORE, the plaintiff Karl Stephens prays:

A. That the Court determine that the debt owed by the defendant Anthony Patrick Fahey in the amount of $65,000.00 be held non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A) & (B);

B. That the Court enter judgment in favor of Karl Stephens against Anthony Patrick Fahey in the

amount of $65,000.00 plus post judgment interest, attorney fees and costs; and

C. For such other and further relief as to the Court may appear proper.

Respectfully submitted,

\_\_/s/ Craig L. Holcomb_____
Craig L. Holcomb, Bar # 09001
Attorney for Karl Stephens
51 Monroe Street, Suite 1405
Rockville, MD 20850
(240) 453-9600